**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD SHELTON**                                    **CIVIL ACTION**

**VERSUS**                                                         **NO: 22-4557**

**LUIS BASE-VERDECIA ET AL.**                   **SECTION "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine (Doc. 33). For the following reasons, the Motion is DEFERRED.

This matter arises out of an automobile accident in which Plaintiff Richard Shelton alleges he sustained injuries to his lower back as a result of Defendants' negligence. During the course of discovery, Plaintiff asked Defendants—Luis Base-Verdecia, LMAG Trucking, LLC, and Transverse Insurance Company—whether any surveillance had been conducted of Plaintiff. Defendants denied any surveillance. After the close of discovery, however, Defendants produced 10 days of surveillance of Plaintiff. Plaintiff alleges that Defendants have also refused to name the identity of the investigator that conducted the surveillance. As a result, Plaintiff moves to

exclude this evidence. Defendants respond that the surveillance is impeachment evidence that is not subject to discovery.

Federal Rule of Civil Procedure 26 outlines the boundaries of discovery and provides that evidence need not be disclosed if "the use would be solely for impeachment." In *Chiasson v. Zapata Gulf Marine Corp.*, the Fifth Circuit explained the difference in substantive and impeachment evidence.[1] "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[2] "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony.'"[3] The court advised that substantive evidence must be disclosed prior to trial pursuant to Federal Rule of Civil Procedure 26.[4]

Because Defendant failed to produce the surveillance evidence in compliance with Federal Rule of Civil Procedure 26 and this Court's deadlines, the evidence may only be admissible for impeachment purposes. Here, the surveillance offered by Defendants shows Plaintiff walking, smoking, and squatting for an extended period of time to put air in his vehicle tires. This evidence can only constitute impeachment evidence if it directly contradicts Plaintiff's testimony at trial. As explained in *Chiasson*, Defendants may not introduce this evidence for the substantive purpose of showing that because

---

[1] 988 F.2d 513, 517 (5th Cir. 1993).

[2] *Id.*

[3] *Id. (quoting* John P. Frank, *Pretrial Conferences and Discovery—Disclosure or Surprise?*, 1965 Ins. Law J. 661, 664 (1965)).

[4] *Id.*

2

Plaintiff can smoke and squat, then he is not in pain.[5] Defendants should approach the bench for direction before attempting to admit any surveillance evidence.

### **CONCLUSION**

For the foregoing reasons, the Motion is DEFERRED.


New Orleans, Louisiana this 13th day of January, 2025.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] "Chiasson testified only that she is unable to carry on daily activities without pain, not that she is entirely unable to do so. The tape shows her carrying on daily activities. It was taken at some distance and has no sound component. It requires quite a leap to conclude that because she engages in routine activities, ergo, she does so without pain. In short, we question whether the proffered videotape discredits her testimony at all. Assuming, however, that the tape is of some impeachment value, it is also of a substantive nature." *Id.*